# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JACOB B. RICHERT**
**United States Army, Appellant**

ARMY 20120781

Headquarters, Fort Carson
Timothy Grammel, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

12 August 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of one specification of possessing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for seventeen months, forfeiture of all pay and allowances, and reduction to the grade of E1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for sixteen months, forfeiture of all pay and allowances, and reduction to the grade of E1.  The convening authority approved appellant's request to waive forfeitures.

This case is before us for review pursuant to Article 66, UCMJ.  Appellate defense counsel raises one assignment of error and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  As pointed out by appellate defense counsel in their brief and upon our review under Article 66, UCMJ, we find an issue with the convening authority's initial action and

address this below. Those matters personally raised by appellant pursuant to *Grostefon* are without merit.

The convening authority approved appellant's request for deferment of automatic and adjudged forfeitures until initial action. Then, at action, the convening approved adjudged forfeiture of all pay and allowances but ordered that both adjudged and automatic forfeitures be waived for a period of six months and paid to the appellant's wife.

First, we note waiver of forfeitures for the benefit of dependents is applicable to automatic forfeitures, not adjudged. Second, upon approving the adjudged forfeitures, the convening authority's attempt to further waive the automatic forfeitures became legally and procedurally impossible. We find that the clear intent of the convening authority at the time of action was to disapprove the adjudged forfeitures, to waive the automatic forfeitures, and to direct those funds to be payable to appellant's wife. His failure to accomplish that intent was an administrative oversight. Therefore, in order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we will correct this error by granting relief in our decretal paragraph.

## CONCLUSION

On consideration of the entire record, submissions by the parties, and those matters personally raised by appellant pursuant to *Grostefon*, we hold the findings of guilty are correct in law in fact and are AFFIRMED.

Reassessing the sentence on the basis of the error noted and the entire record, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, only so much of the sentence as provides for a bad-conduct discharge, confinement for sixteen months, and reduction to the grade of E1 is AFFIRMED. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

2